**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| TRAJECTOR HOLDINGS, LLC,[1] | Case No. 3:26-bk-______ |
| BENEFITS GROUP HOLDINGS, LLC, | Case No. 3:26-bk-______ |
| TRAJECTOR MEDICAL, LLC, | Case No. 3:26-bk-______ |
| INFINITE IP LLC, | Case No. 3:26-bk-______ |
| PERFECT PATH, LLC, | Case No. 3:26-bk-______ |
| TRAJECTOR ADMIN SERVICES, LLC, | Case No. 3:26-bk-______ |
| BENEFITS INSURANCE, LLC, | Case No. 3:26-bk-______ |
| MYLER INSURANCE SERVICES HOLDINGS, LLC, | Case No. 3:26-bk-______ |
| ANCHORSIX SERVICES, LLC, | Case No. 3:26-bk-______ |
| ATVANTAGE, LLC, | Case No. 3:26-bk-______ |
| TRAJECTOR MEDIA SERVICES, LLC, | Case No. 3:26-bk-______ |
| GLOBALTEK BPO LLC, | Case No. 3:26-bk-______ |
| MYLER DISABILITY HOLDINGS, LLC, | Case No. 3:26-bk-______ |
| MYLER DISABILITY, LLC, | Case No. 3:26-bk-______ |
| ADDUCO MEDIA, LLC, | Case No. 3:26-bk-______ |
| TRAJECTOR DISABILITY, LLC, | Case No. 3:26-bk-______ |
| CONTACT CENTER 1, LLC, | Case No. 3:26-bk-______ |
| BENEFITS KARMA, LLC, | Case No. 3:26-bk-______ |
| EXECUTIVE STAFFING SOLUTIONS, PLLC, | Case No. 3:26-bk-______ |
| AMPRY HOLDINGS, LLC, | Case No. 3:26-bk-______ |
| CONCIERGE STAFFING SERVICE MANAGEMENT, LLC, | Case No. 3:26-bk-______ |
| TRAJECTOR, INC., | Case No. 3:26-bk-______ |
| Debtors. | (Joint Administration Pending) |

_______________________________________________/

**DEBTORS' EMERGENCY MOTION FOR APPROVAL**
**OF FORM OF NOTICE OF COMMENCEMENT AND PROOF OF CLAIM**

---

[1] The Debtors' mailing address is 5950 NW 1st Place, Suite 200, Gainesville, FL 32607. The last four digits of each Debtor's federal tax identification number are: (i) Trajector Holdings, LLC (7528); (ii) Benefits Group Holdings, LLC (2029); (iii) Trajector Medical, LLC (5243); (iv) Infinite IP LLC (3723); (v) Perfect Path, LLC (3494); (vi) Trajector Admin Services, LLC (2231); (vii) Benefits Insurance, LLC (9835); (viii) Myler Insurance Services Holdings, LLC (3606); (ix) AnchorSix Services, LLC (5009); (x) Atvantage, LLC (7384); (xi) Trajector Media Services, LLC (7509); (xii) Globaltek BPO LLC (1684); (xiii) Myler Disability Holdings, LLC (9924); (xiv) Myler Disability, LLC (0845); (xv) Adduco Media, LLC (0257); (xvi) Trajector Disability, LLC (5136); (xvii) Contact Center 1, LLC (2329); (xviii) Benefits Karma, LLC (1850); (xix) Executive Staffing Solutions, PLLC (1841); (xx) Ampry Holdings, LLC (2323); (xxi) Concierge Staffing Service Management, LLC (2814); and (xxii) Trajector, Inc. (2128).

**(Emergency Hearing Requested)**
**Basis for Requested Emergency Relief**

> The Debtors respectfully request the Court conduct an emergency hearing on this Motion. The Debtors wish to provide creditors notice of the commencement of these Chapter 11 Cases (defined below) and the bar dates for the filing of Proofs of Claim. The Debtors reasonably believe that a hearing to consider the relief requested must be held as soon as the Court's calendar will permit.

The above-captioned debtors and debtors-in-possession (each a "Debtor" and, collectively, the "Debtors"), by and through proposed undersigned counsel, file this *Debtors' Emergency Motion for Approval of Form of Notice of Commencement of Cases and Proofs of Claim* (the "Motion"). The Motion requests the entry of an order setting the bar dates for the filing of Proofs of Claims and approving the form and manner of notice of the commencement of these Chapter 11 Cases and the bar dates for filing Proofs of Claim. In support of this Motion, the Debtors rely upon the *Declaration of Mark C. Healy in Support of Chapter 11 Petitions and First Day Relief* (the "First Day Declaration") which was filed on or about the date hereof, and respectfully represent as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 105(a) and 502(c) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002(a)(7), 3003(c)(3), 3018(a), 6003 and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(d) of the Local Rules of the United States Bankruptcy Court for the Middle District of Florida.

**Background**

4. On the date hereof (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

5. The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

**Relief Requested and Basis Therefor**

7. The Debtors respectfully request entry of an order approving the form of notice of commencement of these Chapter 11 Cases and the Proof of Claim Form (as defined below).

**A. Parties Required to File Proofs of Claim**

8. Unless otherwise ordered by this Court, the Debtors propose that the bar dates set forth in the proposed form Proof of Claim (collectively, the "Bar Dates") substantially in the form attached hereto as **Exhibit A** (the "Proof of Claim Form"), apply to all Persons or Entities (each as defined in sections 101(41) and 101(15) of the Bankruptcy Code) holding a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors (whether secured, priority or unsecured) that arose prior to the Petition Date, including but not limited to the following:

a. Any Person or Entity whose Claim is listed as "disputed," "contingent," or "unliquidated" in the Debtors' Schedules (the "Schedules") and that desires to assert a Claim against the Debtors that would entitle the claimant to vote on any plan of reorganization or participate in any distribution under such plan;

b. Any Person or Entity who believes its Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to assert its Claim in a classification or amount other than as set forth in the Schedules; and

c. Any Person or Entity whose Claim is not listed in the applicable Debtors' Schedules.

9. The Debtors request that they retain the right to: (a) dispute, contest, setoff, recoup, and assert any defenses, counterclaims or subordination against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; or (b) subsequently designate any Claim as disputed, contingent, or unliquidated.

10. The Debtors further request that pursuant to Bankruptcy Rule 3003(c)(2), any Person or Entity that is required to file a Proof of Claim but fails to do so in a timely manner shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against the Debtors that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (any such Claim referred to as an "Unscheduled Claim"); and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these Chapter 11 Cases in respect of an Unscheduled Claim.

**B. Parties Not Required to File Proofs of Claim**

11. The Debtors request that the Court exempt any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including any such person or entity not required to file a Proof of Claim pursuant to any order authorizing use of cash collateral or post-petition financing.

**C. Procedures for Filing Proof of Claim**

12. In providing notice of the Bar Date, the Debtors will provide to holders of Claims a customized Proof of Claim Form. Subject to Court approval, the Debtors have retained Kurtzman Carson Consultants, LLC d/b/a Verita Global as their official claims and noticing agent (the "Claims and Noticing Agent"). The Debtors propose that for any Proof of Claim Form to be timely and properly filed, a signed original of the completed Proof of Claim Form,

together with accompanying documentation, must be sent so as to be actually received by the Claims and Noticing Agent, at the address indicated on the Proof of Claim Form, on or before the applicable Bar Dates.

13. If a creditor wishes to receive acknowledgment of receipt of its Proof of Claim Form, such claimant must provide in addition to the original Proof of Claim Form, one extra copy of such Proof of Claim Form along with a self-addressed, postage prepaid return envelope.

14. The Debtors propose that all persons and entities asserting Claims against more than one Debtor be required to submit a separate Proof of Claim Form with respect to each applicable Debtor. If persons and entities are permitted to assert Claims against more than one Debtor in a single Proof of Claim Form, the Claims and Noticing Agent may have difficulty maintaining separate Claim registers for each Debtor and all Debtors will be required to object to a Proof of Claim Form that may be applicable to only one of the Debtors. Likewise, every person or entity should be required to identify on each Proof of Claim Form the particular Debtor against which its Claim is asserted. Requiring parties to identify the Debtor against which a Claim is asserted will greatly expedite the Debtors' review of Proof of Claim Forms in these cases. This requirement will not be unduly burdensome on claimants since they know or should know the identity of the Debtor against which they assert a Claim.

15. In addition, the Debtors propose that all persons and entities asserting Claims against the Debtors be required to file the Proof of Claim Forms in English and in U.S. dollars. If a person or entity does not specify the amount of its Claim in U.S. dollars, the Debtors propose that they reserve the right to convert such Claim to U.S. dollars using the applicable conversion rate as of the Petition Date, unless the Debtors deem another date to be more appropriate.

**D. Procedures for Providing Notice of Commencement of Chapter 11 Cases and Bar Dates**

16. The Debtors seek to ensure that all interested parties receive appropriate notice of commencement of these Chapter 11 Cases and the applicable Bar Dates. To determine the adequacy of the notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *See In re S.N.A. Nut Co.*, 198 B.R. 541 (Bankr. N.D. Ill. 1996); *In re Dartmoor Homes, Inc.*, 175 B.R. 659 (Bankr. N.D. Ill. 1994); *In re Envirodyne Indus., Inc.*, 206 B.R. 468 (Bankr. N.D. Ill. 1997). As the Court in *S.N.A. Nut* explained:

> When a creditor is unknown to the debtor, publication notice of the claims bar date will satisfy the requirements of due process . . . However, if a creditor is known to the debtor, notice by publication is not constitutionally reasonable and actual notice of the relevant bar dates must be afforded to the creditor.

*S.N.A. Nut*, 198 B.R. at 543-544. The Supreme Court has characterized a "known" creditor as one whose identity is either known or is "reasonably ascertainable by the debtor." *Tulsa Professional Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950).

17. In defining the efforts required to identify "known" creditors, the Bankruptcy Court in *Envirodyne Indus.* stated:

> The debtor is under an obligation to make reasonably diligent efforts to identify creditors and their claims . . . Reasonable diligence depends on the context. The requisite search focuses on the debtor's own books and records . . . It does not require that a debtor engage in impracticable and extended searches . . . in the name of due process . . . It is not the debtor's duty to search out every conceivable or possible creditor and urge that person to make a claim against it.

*Id.*, 206 B.R. at 473-74. As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date 'depends upon the facts

and circumstances of a given case.'" *In re The Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) (citing *Oppenheim, Appel, Dixon & Co. v. Bullock* (*In re Robintech, Inc.*), 863 F.2d 393, 396 (5th Cir.), *cert. denied*, 493 U.S. 811 (1989)).

18. The Debtors propose to provide actual written notice of the commencement of these Chapter 11 Cases and the Bar Dates to all known persons and entities holding Claims for whom the Debtors have an actual deliverable address.

19. In giving actual notice to known Persons and Entities who may have a Claim, the Debtors propose to give notice of the commencement of these Chapter 11 Cases and Bar Date, substantially in the form of the notice attached as **Exhibit B** (the "Bar Date Notice"), in accordance with Bankruptcy Rule 9007, so that the Bar Date Notice is served within ten (10) business days after entry of an Order granting this Motion.

**E. Publication Notice of Chapter 11 Bankruptcy Case and Bar Dates**

20. Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement the notice. Further, Bankruptcy Rule 9008 provides that the Court shall determine the form and manner of publication notice, the newspapers used and the frequency of publication.

21. In order to provide supplemental notice and notice to creditors for which the Debtors may not have a deliverable address, or unknown creditors, the Debtors also propose to publish the Bar Date Notice (i) twice in the *The Florida Times-Union*, (a) first, not more than ten (10) business days after entry of an Order granting this Motion on the Court's docket and (b) second, not later than thirty (30) days prior to the General Bar Date, and (ii) once in the *Wall Street Journal (National),* which publication shall occur not more than ten (10) business days after entry of an Order granting this Motion on the Court's docket.

22. *The Florida Times-Union* and the *Wall Street Journal (National)* were selected because these publications have broad readership and distribution and will likely reach unknown Persons and Entities that may assert Claims against the Debtors. The Claims and Noticing Agent established a case website located at https://www.veritaglobal.net/trajector. The information for locating the Claims and Noticing Agent's website shall be included in the publications in *The Florida Times-Union* and the *Wall Street Journal (National)* and the Bar Date Notice.

23. The Debtors request that the Court determine that Persons and Entities for which the Debtors have no deliverable mailing address and that may assert a Claim against the Debtors be deemed to have received adequate and sufficient notice by publication which is reasonably calculated under the circumstances to apprise them of the Bar Date for filing Proof of Claim Forms.

**F. Form of Notice of the Bar Dates**

24. The Bar Date Notice and the Publication Notice will:

a. advise creditors and other parties in interest of the commencement of these Chapter 11 Cases;
b. advise potential creditors that they must file a Proof of Claim under Bankruptcy Rules 3002(a) and 3003(c)(2);
c. alert such potential creditors to the consequences of failing to timely file a Proof of Claim as set forth in Bankruptcy Rule 3003(c)(2);
d. specify the form to be used in filing a Proof of Claim;
e. set forth the Bar Dates;
f. set forth the address for filing a Proof of Claim;
g. specify that Proofs of Claim must be filed with original signatures and not by facsimile; and
h. specify that separate Proofs of Claim must be filed with respect to each Debtor.

25. Accordingly, the Bar Date Notice and the Publication Notice will provide creditors with notice of the commencement of these Chapter 11 Cases and sufficient information to allow them to timely file a properly prepared and executed Proof of Claim.

**WHEREFORE**, the Debtors respectfully request that the Court hear this Motion on an emergency basis and enter an order in the form attached hereto as **Exhibit C**, (i) granting the relief requested in this Motion; and (ii) granting such other relief as the Court deems just and proper.

Dated: July 23, 2026

**BERGER SINGERMAN LLP**

101 E. Kennedy Boulevard, Suite 1165
Tampa, FL 33602
Telephone: (813) 498-3400
Facsimile: (813) 527-3705

By: */s/ Edward J. Peterson*
Edward J. Peterson
Florida Bar No. 0014612
epeterson@bergersingerman.com

-and-

Jordi Guso
Florida Bar No. 863580
jguso@bergersingerman.com
Clay B. Roberts
Florida Bar No. 116058
croberts@bergersingerman.com
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

*Proposed Counsel for the Debtors and Debtors-in-Possession*

# **EXHIBIT A**

## **PROOF OF CLAIM FORM**

**Your claim can be filed electronically on Verita's website at https://www.veritaglobal.net/trajector**

United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division

Indicate Debtor against which you assert a claim by checking the appropriate box below. (**Check only one Debtor per claim form.**)

☐ **TRAJECTOR HOLDINGS, LLC (Case No. 26-XXXXX)**
☐ **BENEFITS GROUP HOLDINGS, LLC (Case No. 26-XXXXX)**
☐ **TRAJECTOR MEDICAL, LLC (Case No. 26-XXXXX)**
☐ **INFINITE IP LLC (Case No. 26-XXXXX)**
☐ **PERFECT PATH, LLC (Case No. 26-XXXXX)**
☐ **TRAJECTOR ADMIN SERVICES, LLC (Case No. 26-XXXXX)**
☐ **BENEFITS INSURANCE, LLC (Case No. 26-XXXXX)**
☐ **MYLER INSURANCE SERVICES HOLDINGS, LLC (Case No. 26-XXXXX)**
☐ **ANCHORSIX SERVICES, LLC (Case No. 26-XXXXX)**
☐ **ATVANTAGE, LLC (Case No. 26-XXXXX)**
☐ **TRAJECTOR MEDIA SERVICES, LLC (Case No. 26-XXXXX)**
☐ **GLOBALTEK BPO LLC (Case No. 26-XXXXX)**
☐ **MYLER DISABILITY HOLDINGS, LLC (Case No. 26-XXXXX)**
☐ **MYLER DISABILITY, LLC (Case No. 26-XXXXX)**
☐ **ADDUCO MEDIA, LLC (Case No. 26-XXXXX)**
☐ **TRAJECTOR DISABILITY, LLC (Case No. 26-XXXXX)**
☐ **CONTACT CENTER 1, LLC (Case No. 26-XXXXX)**
☐ **BENEFITS KARMA, LLC (Case No. 26-XXXXX)**
☐ **EXECUTIVE STAFFING SOLUTIONS, LLC (Case No. 26-XXXXX)**
☐ **AMPRY HOLDINGS, LLC (Case No. 26-XXXXX)**
☐ **CONCIERGE STAFFING SERVICE MANAGEMENT, LLC (Case No. 26-XXXXX)**
☐ **TRAJECTOR, INC. (Case No. 26-XXXXX)**

Modified Official Form 410

# Proof of Claim

**04/25**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of the case.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

______________________________
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ______________________________

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom? ______________________________

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| --- | --- |
| Name | Name |
| Number Street | Number Street |
| City State ZIP Code | City State ZIP Code |
| Country | Country |
| Contact phone ____________ | Contact phone ____________ |
| Contact email ____________ | Contact email ____________ |

Uniform claim identifier (if you use one):

___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___

**4. Does this claim amend one already filed?**

☐ No
☐ Yes. Claim number on court claims registry (if known) ________ Filed on ____________ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? ______________________________

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
| 7. **How much is the claim?** | $ ______________________. **Does this amount include interest or other charges?**<br>☐ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br>______________________________________________ |
| 9. **Is all or part of the claim secured?** | ☐ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate: If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: ______________________________<br>**Basis for perfection:** ______________________________<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br>**Value of property:** $__________<br>**Amount of the claim that is secured:** $__________<br>**Amount of the claim that is unsecured:** $__________(The sum of the secured and unsecured amount should match the amount in line 7.)<br>**Amount necessary to cure any default as of the date of the petition:** $__________<br>**Annual Interest Rate** (when case was filed)________%<br>☐ Fixed<br>☐ Variable |
| 10. **Is this claim based on a lease?** | ☐ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________ |
| 11. **Is this claim subject to a right of setoff?** | ☐ No<br>☐ Yes. Identify the property: ______________________________ |

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check all that apply:*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $__________ |
| ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $__________ |
| ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $__________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $__________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $__________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $__________ |

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$__________

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date __________
MM / DD / YYYY

____________________
Signature

**Print the name of the person who is completing and signing this claim:**

Name ____________________
First name Middle name Last name

Title ____________________

Company ____________________
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address ____________________
Number Street

____________________
City State ZIP Code Country

Contact phone __________ Email __________

Modified Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court 12/24

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**
**Trajector Claims Processing Center**
**c/o KCC dba Verita**
**222 N. Pacific Coast Hwy., Ste. 300**
**El Segundo, CA 90245**

Alternatively, your claim can be filed electronically on Verita's website at https://www.veritaglobal.net/trajector

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State).* See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may view a list of filed claims in this case by visiting the Claims and Noticing and Agent's website at https://www.veritaglobal.net/trajector

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate.
11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. §101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Do not file these instructions with your form.**

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

# EXHIBIT B

## NOTICE OF CHAPTER 11 BANKRUPTCY CASE AND BAR DATES FOR THE FILING OF PROOFS OF CLAIM

INFORMATION to identify the case:

**United States Bankruptcy Court, Middle District of Florida** Date cases filed for chapter 11: **07/23/2026**

## Official Form 309F1 (For Corporations or Partnerships)
## Notice of Chapter 11 Bankruptcy Case

| Name of Debtor | Other Names Used by the Debtors (if any) | EIN | Case No. |
|---|---|---|---|
| Trajector Holdings, LLC | | 86-2897528 | Case No. 3:26-bk- |
| Benefits Group Holdings, LLC | | 86-2062029 | Case No. 3:26-bk- |
| Trajector Medical, LLC | f/k/a Vet Comp & Pen Medical Consulting, LLC | 47-1965243 | Case No. 3:26-bk- |
| Infinite IP LLC | | 99-1663723 | Case No. 3:26-bk- |
| Perfect Path, LLC | d/b/a Trajector Services (previous d/b/a Loxley) | 83-4503494 | Case No. 3:26-bk- |
| Trajector Admin Services, LLC | | 33-4992231 | Case No. 3:26-bk- |
| Benefits Insurance, LLC | | 86-1849835 | Case No. 3:26-bk- |
| Myler Insurance Services Holdings, LLC | | 86-1903606 | Case No. 3:26-bk- |
| AnchorSix Services, LLC | | 88-4305009 | Case No. 3:26-bk- |
| Atvantage, LLC | d/b/a AnchorSix | 87-0677384 | Case No. 3:26-bk- |
| Trajector Media Services, LLC | | 88-3377509 | Case No. 3:26-bk- |
| Globaltek BPO LLC | | 66-0951684 | Case No. 3:26-bk- |
| Myler Disability Holdings, LLC | | 42-3369924 | Case No. 3:26-bk- |
| Myler Disability, LLC | | 27-1570845 | Case No. 3:26-bk- |
| Adduco Media, LLC | | 47-1270257 | Case No. 3:26-bk- |
| Trajector Disability, LLC | f/k/a Trajector SS Disability, LLC; f/k/a Benefits Social Security, LLC | 86-2355136 | Case No. 3:26-bk- |
| Contact Center 1, LLC | | 99-4382329 | Case No. 3:26-bk- |
| Benefits Karma, LLC | | 92-1321850 | Case No. 3:26-bk- |
| Executive Staffing Solutions, PLLC | f/k/a JGR Solutions, LLC | 99-1731841 | Case No. 3:26-bk- |
| Ampry Holdings, LLC | | 92-1312323 | Case No. 3:26-bk- |
| Concierge Staffing Service Management, LLC | | 39-3722814 | Case No. 3:26-bk- |
| Trajector, Inc. | | 86-3152128 | Case No. 3:26-bk- |

**For the debtors listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See box 11 below for more information.)

**To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).**

**The staff of the bankruptcy clerk's office staff cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| | | |
|---|---|---|
| **1. Debtors' Full Names:** | **Trajector Holdings, LLC ****<br>**** (See above for full names of all Debtors)** | |
| **2. All Other Names Used in the Last 8 Years:** | **See above list.** | |
| **3. Mailing Address:** | **5950 NW 1st Place**<br>**Suite 200**<br>**Gainesville, FL 32607** | |
| **4. Debtors' attorney**<br>Name and address | **Edward J. Peterson, Esq.**<br>**Berger Singerman LLP**<br>**101 E. Kennedy Boulevard, Suite 1165**<br>**Tampa, FL 33602** | Contact phone: (813) 498-3400<br><br>Email: epeterson@bergersingerman.com |
| **5. Bankruptcy Clerk's office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer/uscourts.gov | **Bryan Simpson United States Courthouse**<br>**300 North Hogan Street**<br>**Suite 3-150**<br>**Jacksonville, FL 32202** | Hours open 8:30 a.m. – 4:00 p.m.<br><br>Contact Phone: (904) 301-6490<br><br>Dated: ______________ |
| 6. **MEETING OF CREDITORS**<br>The debtor's representative must attend the meeting to be questioned under oath.<br><br>Creditors may attend, but are not required to do so. | **__________________, 2026, at _____.m. (EDT)**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Meeting to be held telephonically by the U.S. Trustee's Office (For Jacksonville Cases), Call in Number:**<br><br>**__________; Passcode: ______**<br><br>**Parties wishing to reserve time for questioning should email the United States Trustee at:**<br><br>USTPRL341Questions@usdoj.gov |

| | |
|---|---|
| 7. **Proof of Claim Deadline**<br><br>**When Filing Proofs of Claim:**<br>Claims may be delivered or mailed to:<br><br>**First-Class Mail, Hand Delivery or Overnight Mail:**<br>Trajector Claims Processing Center<br>c/o KCC dba Verita<br>222 N. Pacific Coast Highway<br>Suite 300<br>El Segundo, CA 90245<br><br>**Proofs of Claim may also be filed electronically via the case website:**<br><br>https://www.veritaglobal.net/trajector | **Deadline for all creditors to file a proof of claim: ________________, 2026**<br><br>**For a governmental unit: 180 days from the date of filing**<br><br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.flmb.uscourts.gov, any bankruptcy clerk's office, on the case website at https://www.veritaglobal/trajector, or by calling the toll-free information line at 888-249-2695 (U.S./Canada), or 310-751-2601 (International).<br><br>Your claim will be allowed in the amount scheduled unless:<br>• your claim is designated as *disputed, contingent,* or *unliquidated*;<br>• you file a proof of claim in a different amount; or<br>• you receive another notice.<br><br>If your claim is not scheduled or if your claim is designated as *disputed, contingent,* or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.<br><br>You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov or at the case website of https://www.veritaglobal.net/trajector.<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |
| 8. **Exception to Discharge Deadline**<br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br><br>**Deadline for Filing the Complaint: No later than the first date set for hearing on confirmation.** |
| 9. **Creditors with a Foreign Address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| 10. **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| 11. **Discharge of Debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |

# EXHIBIT C

## PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| TRAJECTOR HOLDINGS, LLC,[1] | Case No. 3:26-bk-______ |
| BENEFITS GROUP HOLDINGS, LLC, | Case No. 3:26-bk-______ |
| TRAJECTOR MEDICAL, LLC, | Case No. 3:26-bk-______ |
| INFINITE IP LLC, | Case No. 3:26-bk-______ |
| PERFECT PATH, LLC, | Case No. 3:26-bk-______ |
| TRAJECTOR ADMIN SERVICES, LLC, | Case No. 3:26-bk-______ |
| BENEFITS INSURANCE, LLC, | Case No. 3:26-bk-______ |
| MYLER INSURANCE SERVICES HOLDINGS, LLC, | Case No. 3:26-bk-______ |
| ANCHORSIX SERVICES, LLC, | Case No. 3:26-bk-______ |
| ATVANTAGE, LLC, | Case No. 3:26-bk-______ |
| TRAJECTOR MEDIA SERVICES, LLC, | Case No. 3:26-bk-______ |
| GLOBALTEK BPO LLC, | Case No. 3:26-bk-______ |
| MYLER DISABILITY HOLDINGS, LLC, | Case No. 3:26-bk-______ |
| MYLER DISABILITY, LLC, | Case No. 3:26-bk-______ |
| ADDUCO MEDIA, LLC, | Case No. 3:26-bk-______ |
| TRAJECTOR DISABILITY, LLC, | Case No. 3:26-bk-______ |
| CONTACT CENTER 1, LLC, | Case No. 3:26-bk-______ |
| BENEFITS KARMA, LLC, | Case No. 3:26-bk-______ |
| EXECUTIVE STAFFING SOLUTIONS, PLLC, | Case No. 3:26-bk-______ |
| AMPRY HOLDINGS, LLC, | Case No. 3:26-bk-______ |
| CONCIERGE STAFFING SERVICE MANAGEMENT, | Case No. 3:26-bk-______ |

[1] The Debtors' mailing address is 5950 NW 1st Place, Suite 200, Gainesville, FL 32607. The last four digits of each Debtor's federal tax identification number are: (i) Trajector Holdings, LLC (7528); (ii) Benefits Group Holdings, LLC (2029); (iii) Trajector Medical, LLC (5243); (iv) Infinite IP LLC (3723); (v) Perfect Path, LLC (3494); (vi) Trajector Admin Services, LLC (2231); (vii) Benefits Insurance, LLC (9835); (viii) Myler Insurance Services Holdings, LLC (3606); (ix) AnchorSix Services, LLC (5009); (x) Atvantage, LLC (7384); (xi) Trajector Media Services, LLC (7509); (xii) Globaltek BPO LLC (1684); (xiii) Myler Disability Holdings, LLC (9924); (xiv) Myler Disability, LLC (0845); (xv) Adduco Media, LLC (0257); (xvi) Trajector Disability, LLC (5136); (xvii) Contact Center 1, LLC (2329); (xviii) Benefits Karma, LLC (1850); (xix) Executive Staffing Solutions, PLLC (1841); (xx) Ampry Holdings, LLC (2323); (xxi) Concierge Staffing Service Management, LLC (2814); and (xxii) Trajector, Inc. (2128).

LLC,
TRAJECTOR, INC., Case No. 3:26-bk-______

Debtors. (Joint Administration Pending)
_______________________________________________/

**ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR APPROVAL OF FORM OF NOTICE OF COMMENCEMENT AND PROOF OF CLAIM**

**THIS CASE** came before the Court on July ____, 2026, at ____ _.m., in Jacksonville, Florida, for hearing (the "Hearing") upon the *Debtors' Emergency Motion for Approval of Form of Notice of Commencement and Proof of Claim* [Doc. No. __] (the "Motion"), filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").[2] The Motion requests the entry of an order approving the form of notice of the commencement of these chapter 11 cases and the Bar Dates. The Court, having considered the Motion, finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; (v) notice of the Motion and the Hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration and the statements made by counsel at the Hearing, good and sufficient cause exists to grant the relief requested. Accordingly, it is

**ORDERED** as follows:

1. The Motion is **GRANTED**.

[2] Capitalized terms not otherwise defined herein or in the Motion shall have the meaning ascribed to them in the Bankruptcy Code and the Bankruptcy Rules.

2. The Proof of Claim Form, substantially in the form attached to the Motion as **Exhibit A**, and the Bar Date Notice, substantially in the form annexed to the Motion as **Exhibit B**, with the additional information to be provided by the U.S. Trustee regarding the Section 341 meeting, are hereby **APPROVED**.

3. The Bar Dates set forth in the Proof of Claim Form apply to all Persons or Entities (each as defined in sections 101(41) and 101(15) of the Bankruptcy Code) holding a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors (whether secured, priority or unsecured) that arose prior to the Petition Date, including but not limited to the following:

a. Any Person or Entity whose Claim is listed as "disputed," "contingent," or "unliquidated" in the Debtors' Schedules (the "Schedules") and that desires to assert a Claim against the Debtors that would entitle the claimant to vote on any plan of reorganization or participate in any distribution under such plan;

b. Any Person or Entity who believes its Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to assert its Claim in a classification or amount other than as set forth in the Schedules;

c. Any Person or Entity whose Claim is not listed in the applicable Debtors' Schedules;

provided that, notwithstanding anything to the contrary, except as otherwise set forth in any order authorizing rejection of an executory contract or unexpired lease, the Bar Date for any counterparty to a rejected unexpired non-residential property lease with respect to claims arising from the rejection of such lease shall be the later of (i) the Bar Date set forth in the Proof of

Claim Form and (ii) thirty (30) days after the date of service of an order authorizing the rejection of such executory contract or unexpired lease. For the avoidance of doubt, counterparties to unexpired leases of non-residential real property shall not be required to file a Proof of Claim Form against any of the Debtors solely on account of prepetition claims arising from an unexpired lease of non-residential real property unless and until the applicable lease is rejected by the Debtors.

4. The following categories of claimants, in the capacities described below, shall be exempt from any requirement to file a Proof of Claim prior to the Bar Date: any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including any such person or entity not required to file a Proof of Claim pursuant to any order authorizing use of cash collateral or post-petition financing.

5. The Debtors shall retain the right to: (a) dispute, contest, setoff, recoup, and assert any defenses, counterclaims or subordination against, any Claim submitted to the Claims and Noticing Agent or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; or (b) subsequently designate any Claim as disputed, contingent, or unliquidated.

6. Pursuant to Bankruptcy Rule 3003(c)(2), any Person or Entity that is required to submit a Proof of Claim but fails to do so in a timely manner shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against the Debtors that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (any such Claim referred to as an "Unscheduled Claim"); and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim.

7. In providing notice of the Bar Dates, the Debtors shall provide to holders of Claims a customized Proof of Claim Form. Subject to Court approval, the Debtors have retained Kutzman Carson Consultants, LLC d/b/a Verita Global as their official claims and noticing agent (the "Claims and Noticing Agent"). For any Proof of Claim Form to be timely and properly filed, a signed original of the completed Proof of Claim Form, together with accompanying documentation, must be sent so as to be actually received by the Claims and Noticing Agent, at the address indicated on the Proof of Claim Form, on or before the applicable Bar Dates.

8. If a creditor wishes to receive acknowledgment of receipt of its Proof of Claim Form, such claimant must provide in addition to the original Proof of Claim Form, one extra copy of such Proof of Claim Form along with a self-addressed, postage prepaid return envelope.

9. All persons and entities asserting Claims against more than one Debtor are required to submit a separate Proof of Claim Form with respect to each applicable Debtor.

10. All persons and entities asserting Claims against the Debtors are required to file the Proof of Claim Forms in English and in U.S. dollars. If a person or entity does not specify the amount of its Claim in U.S. dollars, the Debtors reserve the right to convert such Claim to U.S. dollars using the applicable conversion rate.

11. The Debtors are authorized to publish the Bar Date Notice in the publications identified in the Motion. With respect to *The Florida Times-Union*, the Debtors shall publish the Bar Date Notice twice, with the first publication to occur not more than ten (10) business days after the entry of this Order on the Court's docket, and the second publication to occur not later than thirty (30) days prior to the General Bar Date. With respect to the Wall Street Journal (National), the Debtors are authorized to pubish the Bar Date Notice once, which publication shall occur not more than ten (10) business days after entry of this Order on the Court's docket.

12. All Persons and Entities for which the Debtors have no deliverable mailing address and that may assert a Claim against the Debtors shall be deemed to have received adequate and sufficient notice by publication which is reasonably calculated under the circumstances to apprise them of the Bar Dates for filing Proof of Claim Forms.

13. The Debtors shall provide actual written notice of the commencement of these chapter 11 cases and the Bar Dates to all known persons and entities holding Claims for whom the Debtors have an actual deliverable address.

14. In giving actual notice to known Persons and Entities who may have a Claim, the Debtors shall serve the Bar Date Notice, in accordance with Bankruptcy Rule 9007, so that the Bar Date Notice is served within ten (10) business days after entry of this Order.

15. In accordance with Bankruptcy Rule 2002(a)(7), service of the Bar Date Notice in the manner set forth above shall be deemed good and sufficient notice of the Bar Date to known creditors.

16. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

17. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

# # #

*(Attorney Edward J. Peterson is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.)*