**ORDERED.**

**Dated: September 04, 2026**

Jacob A. Brown
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| TRAJECTOR HOLDINGS, LLC, [1] | Case No. 3:26-bk-03286-JAB<br>Lead Case |
| | *Jointly Administered with* |
| BENEFITS GROUP HOLDINGS, LLC, | Case No. 3:26-bk-03289-JAB |
| TRAJECTOR MEDICAL, LLC, | Case No. 3:26-bk-03291-JAB |
| INFINITE IP LLC, | Case No. 3:26-bk-03293-JAB |
| PERFECT PATH, LLC, | Case No. 3:26-bk-03295-JAB |
| TRAJECTOR ADMIN SERVICES, LLC, | Case No. 3:26-bk-03296-JAB |
| BENEFITS INSURANCE, LLC, | Case No. 3:26-bk-03297-JAB |
| MYLER INSURANCE SERVICES HOLDINGS, LLC, | Case No. 3:26-bk-03298-JAB |
| ANCHORSIX SERVICES, LLC, | Case No. 3:26-bk-03299-JAB |
| ATVANTAGE, LLC, | Case No. 3:26-bk-03300-JAB |
| TRAJECTOR MEDIA SERVICES, LLC, | Case No. 3:26-bk-03301-JAB |
| GLOBALTEK BPO LLC, | Case No. 3:26-bk-03302-JAB |
| MYLER DISABILITY HOLDINGS, LLC, | Case No. 3:26-bk-03304-JAB |
| MYLER DISABILITY, LLC, | Case No. 3:26-bk-03306-JAB |
| ADDUCO MEDIA, LLC, | Case No. 3:26-bk-03307-JAB |
| TRAJECTOR DISABILITY, LLC, | Case No. 3:26-bk-03308-JAB |

[1] The Debtors' mailing address is 5950 NW 1st Place, Suite 200, Gainesville, FL 32607. The last four digits of each Debtor's federal tax identification number are: (i) Trajector Holdings, LLC (7528); (ii) Benefits Group Holdings, LLC (2029); (iii) Trajector Medical, LLC (5243); (iv) Infinite IP LLC (3723); (v) Perfect Path, LLC (3494); (vi) Trajector Admin Services, LLC (2231); (vii) Benefits Insurance, LLC (9835); (viii) Myler Insurance Services Holdings, LLC (3606); (ix) AnchorSix Services, LLC (5009); (x) Atvantage, LLC (7384); (xi) Trajector Media Services, LLC (7509); (xii) Globaltek BPO LLC (1684); (xiii) Myler Disability Holdings, LLC (9924); (xiv) Myler Disability, LLC (0845); (xv) Adduco Media, LLC (0257); (xvi) Trajector Disability, LLC (5136); (xvii) Contact Center 1, LLC (2329); (xviii) Benefits Karma, LLC (1850); (xix) Executive Staffing Solutions, PLLC (1841); (xx) Ampry Holdings, LLC (2323); (xxi) Concierge Staffing Service Management, LLC (2814); and (xxii) Trajector, Inc. (2128).

| | |
|---|---|
| CONTACT CENTER 1, LLC, | Case No. 3:26-bk-03309-JAB |
| BENEFITS KARMA, LLC, | Case No. 3:26-bk-03310-JAB |
| EXECUTIVE STAFFING SOLUTIONS, PLLC, | Case No. 3:26-bk-03311-JAB |
| AMPRY HOLDINGS, LLC, | Case No. 3:26-bk-03312-JAB |
| CONCIERGE STAFFING SERVICE MANAGEMENT, LLC, | Case No. 3:26-bk-03314-JAB |
| TRAJECTOR, INC., | Case No. 3:26-bk-03315-JAB |

Debtors.
_______________________________________________/

**ORDER APPROVING DEBTORS' APPLICATION FOR ENTRY OF ORDER UNDER 11 U.S.C. §§ 327(a) AND 328(a) AUTHORIZING THE EMPLOYMENT AND RETENTION OF SC&H GROUP, AS INVESTMENT BANKER FOR THE DEBTORS, EFFECTIVE AS OF AUGUST 14, 2026**

**THIS CASE** came before the Court, without a hearing, upon the *Debtors' Application for Entry of Order Under 11 U.S.C. §§ 327(a) and 328(a) Authorizing the Employment and Retention of SC&H Group, as Investment Banker for the Debtors, Effective as of August 14, 2026* [Doc. No. 113] (the "Application") filed by the Debtors.[2] The Application requests approval of the Debtors' employment of SC&H Group ("SC&H") to provide investment banking advisory services to the Debtors, effective as of August 14, 2026. The Court, having considered the Application, the Mann Declaration, attached as Exhibit B to the Application, and the First Day Declaration, and having been advised that the Debtors and the Official Committee of Unsecured Creditors have conferred with respect to the Application and the Engagement Letter, and have agreed to certain revisions to the Engagement Letter, which are incorporated herein; finds that (a) the Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2)(A); (d) the Court may enter a final order consistent with Article III of the United States Constitution; (e) notice of the Application thereon was sufficient under the

[2] Any capitalized term not explicitly defined herein shall have the meaning ascribed to it in the Application or Engagement Letter, as applicable.

circumstances and no other or further notice need be provided; (f) the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and interest holders; (g) the terms and conditions of SC&H's employment set forth in the Engagement Letter (the "Engagement Letter") (including the Fee and Expense Structure), as modified herein, are reasonable as required by section 328(a) of the Bankruptcy Code; (h) SC&H does not hold or represent interests adverse to the Debtors' estates and is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code; and the Court having noted that the Application was served upon interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to respond within 14 days of the date of service, no party filed a response within the time permitted, and the Court, therefore, considers the matter to be unopposed. Accordingly, it is

**ORDERED** as follows:

1. The Application is **APPROVED**, as modified herein.

2. The Engagement Letter, with the modifications set forth in paragraphs 3 and 4 below, is **APPROVED**.

3. The definition of "Restructuring" as set forth in paragraph 1(b)(iii) of the Engagement Letter is modified as follows:

> "Restructuring" is defined as "pursuant to a confirmed Plan of Reorganization, any recapitalization or restructuring (including, without limitation, through any exchange, conversion, cancellation, forgiveness, retirement and/or a material modification or amendment to the terms, conditions or covenants thereof) of the Company's secured debt and/or equity securities, including pursuant to any repurchase, exchange transaction, or solicitation of consents, waivers, acceptances or authorizations."

4. Paragraph 4(b)(iii) of the Engagement Letter is modified as follows:

> (iii) In the event the Debtors complete a Restructuring, a fee (the "Restructuring Fee") equal to the Minimum Transaction Fee payable upon the Closing of the Restructuring including, without limitation, the confirmation and effectiveness of a

plan of reorganization. However, any Sale or Financing Fee, including any Minimum Transaction Fee, paid to SC&H shall be credited 90% credited toward the Restructuring Fee.

5. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, to employ and retain SC&H as the Debtors' investment banker in accordance with the terms and conditions set forth in the Application and the Engagement Letter, as modified herein, effective as of August 14, 2026.

6. SC&H's compensation set forth in the Engagement Letter, including, without limitation, the Fee and Expense Structure, as modified herein, is approved pursuant to section 328(a) of the Bankruptcy Code, and SC&H shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, as modified. SC&H's compensation shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code and not subject to any other standard of review under section 330 of the Bankruptcy Code.

7. None of the fees payable to SC&H shall constitute a "bonus" or fee enhancement under applicable law.

8. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, SC&H and its professionals shall not be required to keep time records except in accordance with its normal firm policies.

9. Notwithstanding anything to the contrary in the Engagement Letter or the Application, to the extent that the Debtors request SC&H to perform any services other than those detailed in the Engagement Letter, the Debtors shall seek further approval by the Court by an application that shall set forth the additional services to be performed and the additional fees sought to be paid.

10. The Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation and other provisions of the Engagement Letter, subject, during the pendency of the Chapter 11 Cases, to the following:

(a) subject to the provisions of subparagraphs (b) and (c) hereof, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to , and shall indemnify, and provide contribution and reimbursement to, each Indemnified Person (as defined in the Indemnification Agreement) in accordance with the Indemnification Agreement for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter;

(b) notwithstanding subparagraph (a) above or any statement in the Engagement Letter or Indemnification Agreement to the contrary, the Debtors shall have no obligation to indemnify an Indemnified Person or provide contribution or reimbursement to an Indemnified Person (i) for any loss, damage, cost, expense, liability, or claim that has been determined by a court of competent jurisdiction in a final judgment no longer subject to appeal or review to have resulted from the willful misconduct or gross negligence of such Indemnified Person, (ii) for a contractual dispute in which the Debtors allege the breach of an Indemnified Person's contractual obligations, unless the Court determines that indemnification, contribution, or reimbursement would be permissible, or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c) hereof, to be a claim or expense for which the Indemnified Person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter; and

(c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 Cases, an Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter, including, without limitation, the advancement of defense costs, the Indemnified Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Person before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by an Indemnified Person for indemnification, contribution, or reimbursement, and not as a provision limiting the duration of the Debtors' obligation to indemnify. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution, and/or reimbursement.

11. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors and SC&H are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order.

13. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

# # #

*(Attorney Edward J. Peterson is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.)*