# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION
**www.flmb.uscourts.gov**

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| TRAJECTOR HOLDINGS, LLC, et al.,[1] | |
| Debtors. | Case No. 3:26-bk-03286-JAB<br>(Jointly Administered) |

______________________________________/

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' AMENDED APPLICATION FOR APPROVAL OF EMPLOYMENT AND RETENTION OF ACCORDION PARTNERS, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF AUGUST 25, 2026

## NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper, you must file a response with the Clerk of Court at the Bryan Simpson United States Courthouse, 300 North Hogan Street, Suite 3-150, Jacksonville, FL 32202, within fourteen (14) days from the date of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

[1] The Debtors' mailing address is 5950 NW 1st Place, Suite 200, Gainesville, FL 32607. The names and last four digits of each Debtor's federal tax identification number are: (i) Trajector Holdings, LLC (7528); (ii) Benefits Group Holdings, LLC (2029); (iii) Trajector Medical, LLC (5243); (iv) Infinite IP LLC (3723); (v) Perfect Path, LLC (3494); (vi) Trajector Admin Services, LLC (2231); (vii) Benefits Insurance, LLC (9835); (viii) Myler Insurance Services Holdings, LLC (3606); (ix) AnchorSix Services, LLC (5009); (x) Atvantage, LLC (7384); (xi) Trajector Media Services, LLC (7509); (xii) Globaltek BPO LLC (1684); (xiii) Myler Disability Holdings, LLC (9924); (xiv) Myler Disability, LLC (0845); (xv) Adduco Media, LLC (0257); (xvi) Trajector Disability, LLC (5136); (xvii) Contact Center 1, LLC (2329); (xviii) Benefits Karma, LLC (1850); (xix) Executive Staffing Solutions, PLLC (1841); (xx) Ampry Holdings, LLC (2323); (xxi) Concierge Staffing Service Management, LLC (2814); and (xxii) Trajector, Inc. (2128).

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby files this amended application (the "Application")[2] for an order, substantially in the form attached hereto as Exhibit A, pursuant to §§ 328 and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-4 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Middle District of Florida (the "Local Rules"), authorizing and approving the employment of Accordion Partners, LLC ("Accordion") as financial advisor to the Committee in connection with the Debtors' chapter 11 cases, effective as of August 25, 2026.

In support of the Application, the Committee also files the declaration of Melissa S. Kibler (the "Kibler Declaration"), attached hereto as **Exhibit B** and incorporated herein by reference. In support of the Application, the Committee respectfully represents as follows:

**Background**

1. On July 23, 2026 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court"), commencing these jointly administered chapter 11 cases (the "Chapter 11 Cases").

2. The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed in the Chapter 11 Cases.

[2] This document was amended to correct the Court's mailing address.

4. On August 17, 2026, the Office of the United States Trustee appointed the Committee pursuant to § 1102(a)(1) of the Bankruptcy Code [Docket No. 111]. The Committee is comprised of five (5) members: Jeffrey Phillips, Oleg (Oleh) Hulak, Ashish Marya, Helie Dharia, and Veterans of Foreign Wars of the United States.

5. On August 22, 2026, the Committee selected Foley & Lardner LLP ("Foley") to serve as its lead counsel. On August 25, 2026, the Committee selected Accordion to serve as its financial advisor in the Chapter 11 Cases.

**Qualifications**

6. Accordion is a financial and technology consulting firm, serving companies and their stakeholders across a wide spectrum of industries and sizes. Accordion's services include, but are not limited to, turnaround and restructuring consulting, interim management and chief restructuring officer services, transaction consulting, performance improvement, operational and technical accounting consulting, finance function transformation, data and analytics, and strategic financial planning and analysis. Accordion has significant qualifications and experience in these matters and an excellent reputation for providing high quality, specialized financial advisory and restructuring services to debtors, official committees, and other stakeholders in complex chapter 11 cases and other restructurings, both in and out of court.

7. Accordion professionals, on behalf of Accordion or its predecessors, have advised debtors, official committees, and other stakeholders in many recent cases, including, among others: *In re North Star Health Alliance, Inc.*, No. 26-60099 (WAK) (Bankr. N.D.N.Y. 2026); *In re Shannon Wind, LLC*, No. 26-90124 (ARP) (Bankr. S.D. Tex. 2026); *In re Saks Global Enterprises, LLC, et al.*, No. 26-90103 (ARP) (Bankr. S.D. Tex. 2026); *In re AFH Air Pros LLC, Air Pros Atlanta LLC, et al.*, No. 25-10356 (PMB) (Bankr. N.D. Ga. 2025); *In re AMPLIFYBIO*

*LLC*, No. 25-52140 (MNK) (Bankr. S.D. Ohio 2025); *In re Hooters of America, LLC*, No. 25-80078 (SWE) (Bankr. N.D. Tex. 2025); *In re Village Roadshow Entertainment Group USA Inc.*, No. 25-10475 (TMH) (Bankr. D. Del. 2025); *In re Red River Talc, LLC*, No. 24-90505 (CML) (Bankr. S.D. Tex. 2024); *In re OSG Holdings, Inc.*, No. 23-90799 (CML) (Bankr. S.D. Tex. 2023); *In re Performance Powersports Group Investor, LLC, et al.*, No. 23-10047 (LSS) (Bankr. D. Del. 2023); *In re The Pill Club Pharmacy Holdings, LLC*, No. 23-41090 (ELM) (Bankr. N.D. Tex. 2023); *In re MRRC Hold Co. (f/k/a Rubio's Restaurants, Inc.)*, No. 20-12688 (MFW) (Bankr. D. Del. 2020); *In re K.G. IM, LLC (Il Mulino)*, No. 20-11723 (MG) (Bankr. S.D.N.Y. 2020); *In re Muji U.S.A. Limited*, No. 20-11805 (MFW) (Bankr. D. Del. 2020); *In re Advantage Holdco, Inc.*, No. 20-11259 (CTG) (Bankr. D. Del. 2020); *In re Old Market Group Holdings Corp. (f/k/a Fairway Group Holdings Corp.)*, No. 20-10161 (JLG) (Bankr. S.D.N.Y. 2020); *In re Schurman Fine Papers*, No. 20-10135 (JTD) (Bankr. D. Del. 2020); *In re Kaiser Gypsum Co.*, No. 16-31602 (JCW) (Bankr. W.D.N.C. 2019); and *In re Colt Defense LLC*, No. 15-11287 (LSS) (Bankr. D. Del. 2015).

8. Accordion has extensive experience in consumer, healthcare, and services-sector restructurings, corporate finance, and mergers and acquisitions, and its professionals have served in senior advisory and interim management roles across numerous chapter 11 cases and out-of-court restructurings.

9. The Committee selected Accordion in furtherance of the efficient administration of the estates on behalf of the Committee. The Committee seeks to retain Accordion effective as of August 25, 2026, the date that Accordion began providing services to the Committee. The Committee believes that such retention is appropriate in these Chapter 11 Cases because the Committee required Accordion's assistance prior to such time as a retention application could be

submitted to the Court due to the exigencies of these cases, and Accordion provided services to the Committee beginning August 25, 2026.

## Jurisdiction and Venue

10. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Committee confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Bankruptcy Court in connection with this Application to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

11. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

12. The bases for the relief requested herein are §§ 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2002-4.

## Relief Requested

13. By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A, pursuant to §§ 328(a) and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing the Committee to employ and retain Accordion as its financial advisor in the Chapter 11 Cases, effective as of August 25, 2026.

## Scope of Employment

14. Subject to further order of this Court, the services Accordion has rendered and may be required to render for the Committee, include without limitation, the following:

a. Familiarizing the Committee and its counsel with, analyzing and monitoring the Debtors' cash forecast, budget, assets and liabilities, and overall financial condition;

b. Reviewing financial and operational information furnished by the Debtors, including underlying books and records supporting the Debtors' schedules of assets and liabilities and statements of financial affairs;

c. Facilitating or assisting in monitoring any sale process, including review of marketing efforts, bidding procedures, stalking horse bids, indications of interest, cure schedules, and asset purchase agreements, and assessing the economics thereof;

d. Analyzing the economic terms of various agreements, including but not limited to motions for allowance of compensation or key employee incentive and retention programs;

e. Monitoring and updating the Committee on the Debtors' proposed turnaround and operational improvement plans, including anticipated cost savings, and analyzing related forecasts and financial projections;

f. Assessing the Debtors' proposed lease and contract rejections, including analysis of underlying economics and remedies available to the estates;

g. Assessing the Debtors' pleadings and proposed treatment of unsecured creditor claims;

h. Providing analyses to support any motions, responses or other filings on behalf of the Committee;

i. Preparing, or reviewing as applicable, avoidance action, insider transaction, and other investigative analyses as requested by the Committee and its counsel, including with respect to preference payments, insider distributions, and affiliate transfers, director and officer claims, and other potential causes of action;

j. Investigating and assessing prepetition financial and other transactions by the Debtors and their management and equity holders;

k. Assisting the Committee in reviewing the Debtors' financial reports, including statements of financial affairs, schedules of assets and liabilities, cash collateral or debtor-in-possession financing budgets, as applicable, and monthly operating reports;

l. Reviewing and advising regarding any claims reconciliation or estimation process;

m. Attending meetings and advising the Committee in negotiations with the Debtors, investors, lenders, U.S. Trustee and other third parties, as necessary;

n. Assisting the Committee and its counsel in formulating, evaluating, and negotiating the terms of any chapter 11 plan and related disclosure statement;

o. If necessary, testifying as a witness or otherwise supporting Committee counsel in hearings before the Court with respect to matters upon which Accordion has provided advice; and

p. Such other activities consistent with the above as are approved by the Committee and the Committee's counsel, and as are agreed by Accordion.

**Disinterestedness and Eligibility for Employment**

15. Accordion has informed the Committee that, to the best of Accordion's knowledge, information, and belief, other than as set forth in the Kibler Declaration, Accordion: (a) has no connection with the Debtors, its creditors, its equity security holders, or other parties in interest or its respective attorneys or accountants, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any United States bankruptcy judge in this district in any matter related to the Debtor or its estate; (b) does not hold any interest adverse to the Debtors' estate; and (c) believes that it is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. Accordion has not provided, and will not provide, any professional services to any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to this Chapter 11 Case. If any new material facts or relationships are discovered or arise, Accordion will inform the Court as required by Bankruptcy Rule 2014(a).

**Professional Compensation**

16. Accordion is not owed any amounts with respect to pre-petition fees and expenses and has received no retainer in these Chapter 11 Cases.

17. The Committee understands that Accordion intends to apply to the Court for allowance of compensation and reimbursement of expenses for its financial advisory services in

accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court, including the Order Granting Debtors' Motion for Order Establishing Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Professionals [Docket No. 154] (the "Interim Compensation Order").

18. Accordion seeks to be compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses incurred by Accordion. Accordion understands that interim and final fee awards are subject to approval by this Court. The customary hourly rates, subject to periodic adjustment, charged by Accordion professionals assigned to this engagement are as follows:[3]

| **Professional** | **Per Hour (USD)** |
|---|---|
| Senior Managing Directors | $1,050 – $1,250 |
| Managing Directors | $950 – $1,050 |
| Senior Directors | $795 – $895 |
| Directors | $675 – $775 |
| Vice Presidents | $575 – $650 |
| Associates | $450 – $550 |

19. These hourly rates are adjusted periodically, typically on an annual basis, or upon promotion of Accordion's professionals. Accordion intends to provide notice to the Debtors, the Committee, and the U.S. Trustee before implementing any increases in Accordion's rates for professionals working in these Chapter 11 Cases.

[3] In other matters, Accordion may use alternate billing structures and rates for its services, including working on a fixed fee basis (e.g., interim leadership, certain CFO advisory services), depending on the nature of each engagement. Additionally, other practice groups within Accordion (e.g., Operational & Technical Accounting, Strategic Financial Planning & Analysis, Transaction Execution, CFO Technology, etc.) may have hourly rates that differ from those applicable to the services described herein. As such, the professional staff retained on this engagement may also be deployed on other engagements for which the structure of Accordion's compensation for their services may differ from the actual hourly fee billing and hourly rates that will apply to this engagement.

20. In addition, Accordion will seek reimbursement of actual and necessary expenses incurred by Accordion, including legal and other fees related to the preparation of the Application (if any), as approved by the Court.

21. Neither the Committee nor any of its members (or their representatives) are or will be liable for any fees or costs incurred by Accordion in its representation of the Committee.

**Indemnification**

22. In addition to the foregoing, and as a material part of the consideration for the agreement of Accordion to furnish services to the Committee pursuant to the terms of this Application, Accordion believes that the following indemnification terms are customary and reasonable for financial advisors in chapter 11 cases:

a. subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtors are authorized to indemnify, and shall indemnify, Accordion for any claims arising from, related to, or in connection with Accordion's engagement under this Application, but not for any claim arising from, related to, or in connection with Accordion's performance of any other services other than those in connection with the engagement, unless such services and indemnification therefor are approved by this Court;

b. the Debtors shall have no obligation to indemnify Accordion for any claim or expense to the extent it is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen primarily from Accordion's gross negligence, willful misconduct, or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of Accordion's contractual obligations, unless this Court determines that indemnification would be permissible pursuant to *In re United Artists Theatre Company,* 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination as the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof, to be a claim or expense for which Accordion should not entitled to receive indemnity under the terms of this Order; and

c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Accordion believes that it is entitled to the payment of any amounts

> by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, Accordion must file an application in this Court, and the Debtors may not pay any such amounts to Accordion before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Accordion for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify Accordion. All parties in interest shall retain the right to object to any demand by Accordion for indemnification.

23. The Committee believes that indemnification is customary and reasonable for financial advisors in chapter 11 proceedings. *See In re Joan & David Halpern, Inc.*, 248 B.R. 43 (Bankr. S.D.N.Y. 2000), aff'd 2000 WL 1800690 (S.D.N.Y. Dec. 6, 2000).

**Notice**

24. The Committee will provide notice of this Application to (a) the Office of the United States Trustee; (b) counsel to the Debtors; (c) counsel for pre-petition secured administrative agent, Deutsche Bank AG; and (d) all parties who have filed and served requests for notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

25. No prior request for the relief sought herein has been made to this or any other Court.

**CONCLUSION**

WHEREFORE, the Committee requests that the Court enter the order (the "Order") annexed hereto as Exhibit A, (i) approving the retention and employment of Accordion as its financial advisor, effective as of August 25, 2026, to render services as described above with compensation to be paid as an administrative expense in such amounts as this Court may hereafter determine and allow; (ii) approving the Indemnification Provisions set forth in this

Application; and (iii) granting the Committee such other and further relief as the Court deems just and proper.

*[Remainder of page intentionally left blank.]*

Dated: September 14, 2026

Respectfully submitted,

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRAJECTOR HOLDINGS, LLC**

By: *<u>/s/ Helie Dharia</u>*
Helie Dharia, in her individual capacity as Co-Chairperson of the Official Committee of Unsecured Creditors of Trajector Holdings, LLC, *et al.*

By: *<u>/s/ John Muckelbauer</u>*
John Muckelbauer, in his individual capacity, but solely on behalf of Veterans of Foreign Wars of the United States, in its capacity as Co-Chairperson of the Official Committee of Unsecured Creditors of Trajector Holdings, LLC, *et al.*

***FOLEY & LARDNER LLP***

*<u>/s/ Mark J. Wolfson</u>*
Mark J. Wolfson (FL. Bar No. 0352756)
100 North Tampa Street, Suite 2700
Tampa, FL 33602
Phone number: 813-225-4119
Facsimile: 813-221-4210
Primary email: mwolfson@foley.com

Susan Poll Klaessy (admitted *pro hac vice*)
321 North Clark Street, Suite 3000
Chicago, IL 60654-4762
Phone Number: (312) 832-4500
Facsimile: (312) 832-4700
Email: spollklaessy@foley.com

Tim Mohan (admitted *pro hac vice*)
1144 15th Street, Suite 2200
Denver, CO 80202
Phone Number: (720) 437-2000
Facsimile: (720) 437-2200
Email: tmohan@foley.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this September 14, 2026 to all interested parties registered to receive e-mail notice/service for this case via CM/ECF Notice of Electronic Filing.

By: */s/ Mark J. Wolfson*
Mark J. Wolfson, Esq.