**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**www.flmb.uscourts.gov**

IN RE: Chapter 11 Cases

TRAJECTOR HOLDINGS, LLC, et al.,[1]

Case No. 3:26-bk-03286-JAB
Debtors. (Jointly Administered)
_______________________________________/

**ORDER GRANTING OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR APPROVAL OF EMPLOYMENT AND RETENTION OF ACCORDION PARTNERS, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF AUGUST 25, 2026**

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") for entry of an order, as more fully described in the Application, authorizing the employment and retention of Accordion Partners, LLC ("Accordion") as

[1] The Debtors' mailing address is 5950 NW 1st Place, Suite 200, Gainesville, FL 32607. The names and last four digits of each Debtor's federal tax identification number are: (i) Trajector Holdings, LLC (7528); (ii) Benefits Group Holdings, LLC (2029); (iii) Trajector Medical, LLC (5243); (iv) Infinite IP LLC (3723); (v) Perfect Path, LLC (3494); (vi) Trajector Admin Services, LLC (2231); (vii) Benefits Insurance, LLC (9835); (viii) Myler Insurance Services Holdings, LLC (3606); (ix) AnchorSix Services, LLC (5009); (x) Atvantage, LLC (7384); (xi) Trajector Media Services, LLC (7509); (xii) Globaltek BPO LLC (1684); (xiii) Myler Disability Holdings, LLC (9924); (xiv) Myler Disability, LLC (0845); (xv) Adduco Media, LLC (0257); (xvi) Trajector Disability, LLC (5136); (xvii) Contact Center 1, LLC (2329); (xviii) Benefits Karma, LLC (1850); (xix) Executive Staffing Solutions, PLLC (1841); (xx) Ampry Holdings, LLC (2323); (xxi) Concierge Staffing Service Management, LLC (2814); and (xxii) Trajector, Inc. (2128).

financial advisor to the Committee, effective as of August 25, 2026, pursuant to §§ 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014; and upon consideration of the Kibler Declaration submitted in support of the Application; and the Court being satisfied based on the representations in the Application and the Kibler Declaration that Accordion is qualified to provide the services described in the Application and has disclosed all connections with parties required by Bankruptcy Rule 2014; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and good and sufficient notice of the Application having been given and no other or further notice being required; and the Application having been served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to respond within fourteen (14) days of the date of service, plus an additional three days if served by U.S. Mail; and upon no party filing a response within the time permitted; and upon the Court, therefore, considering the Application to be unopposed; and the Court having reviewed the Application; and it appearing that the employment of Accordion is in the best interests of the Committee and its members; and sufficient cause appearing therefor,

Accordingly, it is ORDERED:

1. The Application is APPROVED as set forth herein. Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Application.

2. In accordance with §§ 328 and 1103 of the Bankruptcy Code, the Committee is authorized to employ and retain Accordion as its financial advisor, effective as of August 25, 2026, on the terms set forth in the Application.

3. Accordion is authorized to act as the Committee's financial advisor and to perform those services described in the Application.

4. Accordion shall be compensated for its services on and after August 25, 2026, at its customary hourly rates in effect from time to time, as such rates may be increased periodically, and reimbursed for any costs and expenses incurred in connection with the Debtors' Chapter 11 Cases in accordance with §§ 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, and any other order of the Court, including the Interim Compensation Order. Each of the Debtors shall be jointly and severally liable for Accordion's fees and expenses, and, pursuant to § 503(b)(1) of the Bankruptcy Code, Accordion's fees and expenses approved by the Court shall be entitled to administrative expense claim status against each of the Debtors on a joint and several basis. For the avoidance of doubt, under no circumstances shall any of the compensation or expense reimbursement obligations approved by the Court be an obligation of, or paid by, the Committee or any of its members or professionals.

5. Accordion shall provide no less than five (5) business days' notice to the Debtors, the U.S. Trustee, and the Committee in connection with any increase in the hourly rates listed in the Application, and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard provided in § 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to § 330 of the Bankruptcy Code. For the avoidance of doubt, "Compensation will be determined later in accordance with 11 U.S.C. § 330" and "The hourly rate is not guaranteed and is subject to review."

6. Accordion shall use reasonable efforts to avoid duplication of services provided by any of the Committee's other retained professionals in these Chapter 11 Cases.

7. Accordion shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost.

8. The following indemnification provisions, as set forth in the Application, are approved, and the Debtors shall be bound thereby, subject, during the pendency of the Chapter 11 Cases, to the following:

(a) subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, Accordion for any claim arising from, related to, or in connection with Accordion's engagement under the Application, but not for any claim arising from, related to, or in connection with Accordion's performance of any other services other than those in connection with the engagement, unless such services and indemnification therefor are approved by this Court;

(b) notwithstanding subparagraph (a) above or any statement in the Application to the contrary, the Debtors shall have no obligation to indemnify Accordion for any claim or expense to the extent it is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen primarily from Accordion's gross negligence, willful misconduct, or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of Accordion's contractual obligations, unless this Court determines that indemnification would be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) below, to be a claim or expense for which Accordion should not be entitled to receive indemnity under the terms of this Order; and

(c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, Accordion believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including without limitation the advancement of defense costs, Accordion must file an application therefor with this Court, and the Debtors may not pay any such amounts to Accordion before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which this Court shall have jurisdiction over any request for fees and expenses by Accordion for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify

> Accordion. All parties in interest shall retain the right to object to any demand by Accordion for indemnification.

9. Nothing in this Order, including paragraph 8 hereof, shall create or be deemed to create any obligation of the Committee or any of its members (or their respective representatives) to indemnify Accordion. All obligations approved in paragraph 8 of this Order are obligations of the Debtors and their estates only, allowable and payable as administrative expenses to the extent approved by the Court.

10. The relief granted in this Order, including paragraph 8 hereof, shall be binding upon any chapter 11 trustee appointed in the Chapter 11 Cases and upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Chapter 11 Cases to cases under chapter 7.

11. The entry of this Order shall not prejudice or otherwise affect the rights of the U.S. Trustee to object to Accordion's postpetition requests for compensation and reimbursement on any and all grounds.

12. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

13. The Committee and Accordion are authorized and empowered to take all necessary actions to implement the relief granted in this Order.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

Submitted by:

FOLEY & LARDNER LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602
Telephone: 813-225-4119
By: /s/ *Mark J. Wolfson*
Mark J. Wolfson
Email: mwolfson@foley.com
Florida Bar No. 0352756
Proposed Counsel to the Official Committee of Unsecured Creditors of Trajector Holdings, LLC, et al.

*Mark J. Wolfson, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this order.*